# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv69-RJC

| | |
|---|---|
| AVERILL HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOEL HERRON, Superintendant ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2009, Petitioner pled guilty and was convicted of second-degree murder. (Doc. No. 1 at 1). The Superior Court of Iredell County sentenced Petitioner to 237 to 294 months imprisonment.[1] (Id.). Petitioner reports that he appealed his case to the North Carolina Court of Appeals, but the matter was dismissed. (Id. at 2). Petitioner did not present his claims in a petition for discretionary review in the North Carolina Supreme Court, nor did he seek collateral review of his claims in the North Carolina court system. (Id. at 2-3). Rather, on May 5, 2011,[2] Petitioner filed the instant Petition, arguing that his federal statutory and constitutional

---

[1] Petitioner reports his sentence as a 480-month term imprisonment; however, official records at the North Carolina Court of Appeals, the Superior Court of Iredell County and the N.C. Department of Corrections all report his sentence as 237 to 294 months imprisonment.

[2] The instant Petition was received at the Court and filed by the Clerk on May 11, 2011; however, the document contains a certification that Petitioner placed it in his prison's mailing system on May 5, 2011. Pursuant to the "mail box rule," the Court will treat the Petition as having been filed on May 5, 2011. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se petitioner's notice of appeal from a denial of habeas relief is "filed" on the date of delivery to prison authorities).

rights to a speedy trial were violated; that he was subjected to ineffective assistance of counsel; that he was denied his rights under federal and state law to have a jury determine the existence of aggravating and mitigating factors; and that his right to due process was violated by the trial court's acceptance of an illegal guilty plea. (Id. at 5-10).

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. The Court has thus reviewed the instant Petition and determined that its claims are unexhausted; therefore, the Petition must be dismissed without prejudice.

## III. DISCUSSION

While Petitioner reports that he appealed his case to the North Carolina Court of Appeals, the records from that Court and the Superior Court of Iredell County indicate that he filed a Petition for a Writ of Certiorari seeking review of his guilty plea and sentence on February 22, 2011, and that the Petition was summarily dismissed on March 4, 2011.[3] Furthermore, Petitioner did not present the instant claims to the North Carolina Supreme Court in a petition for discretionary review, and he did not seek any post-conviction review in a state collateral proceeding. Therefore, Petitioner's habeas claims have not been presented to any state court.

Section 2254 provides that:

> An application for a writ of habeas corpus on behalf of a person in custody

---

[3] Due to Petitioner's failure to include any information concerning the dates on which his appeal was filed and denied and a computerized database search failed to reveal any evidence of an appeal, the undersigned's law clerk made an inquiry concerning these matters and obtained the foregoing information from the Clerk of the North Carolina Court of Appeals. As such information is a matter of public record, this Court may take judicial notice of it. See, e.g., Hall v. Virginia, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) (taking judicial notice of public records).

> pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the Courts of the State; or
> (B)(ii) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(2006). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues which were fairly presented to the state court. See Picard, 404 U.S. at 275-76. In this case, the record is clear that Petitioner's claims were never presented to the state court; therefore, they are unexhausted.

Furthermore, Petitioner can return to the state court to exhaust these claims. One of the two ways in which North Carolina allows petitioners to exhaust their claims is through collateral post-conviction proceedings. In such instances, a petitioner may exhaust his judicial remedies by presenting his claim to the trial court in a motion for appropriate relief and then to the North Carolina Court of Appeals in a petition for a writ of certiorari. Cobb v. Lee, No. 91-6302, 1991 WL 179081, at *2 (4th Cir. Sept. 13, 1991). Moreover, a motion for appropriate relief that alleges that a conviction was obtained in violation of the United States Constitution may be filed at any time after entry of the judgment of conviction. N.C. GEN. STAT. § 15A-1415(b)(3).

Here, all of Petitioner's claims allege that he was subjected to violations of his constitutional and federal and/or state statutory rights. Therefore, those claims can still be raised in a properly filed motion for appropriate relief. Based upon the foregoing, the Court cannot conclude that there is no state corrective process available to Petitioner, or that there are any circumstances which make that process ineffective in protecting his rights. 28 U.S.C. § 2254(b)(1)(B) . Thus, Petitioner's non-exhaustion cannot be excused.[4]

## IV. CONCLUSION

Petitioner has failed to exhaust his judicial remedies for any of his claims, and the Court has found no basis for excusing his non-exhaustion. Therefore, the instant Petition must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**, without prejudice, as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);

---

[4] This Petition also is subject to dismissal as time-barred under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d) (2006). However, the Court will instead dismiss the Petition as unexhausted because the long-standing exhaustion requirement involves issues of comity, the exhaustion requirement is strictly enforced, and the Court has determined that Petitioner can return to State court to exhaust his claims. See Rose v. Lundy, 455 U.S. 509, 515 (1982) (noting that "as a matter of comity, federal courts should not consider a habeas corpus petition until after the state courts have had an opportunity to act") (citation omitted); Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) ("The exhaustion requirement, though not jurisdictional, is strictly enforced..") (citation omitted). In any event, the Court declines to speculate about whether Petitioner ultimately will be able to obtain federal review of the merits of his claims. See Pliler v. Ford, 542 U.S. 225, 231-32 (2004) (holding that a district court is not required to provide a pro se petitioner an explanation of the details of federal habeas procedure or a calculation of the statute of limitations on their claim).

Slack v. McDaniel, 529 U.S. 473, 485 (2000) (in order to satisfy § 2253(c) when a district court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable and that it is debatable whether the petition states a valid claim of the denial of a constitutional right).

Signed: August 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge